## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PORT AUTHORITY OF GUAM,<br><br>          Petitioner,<br><br>   vs.<br><br>CIVIL SERVICE COMMISSION,<br><br>          Respondent,<br><br>   and<br><br>JOSE B. GUEVARA, III,<br><br>          Real Party in Interest. | SPECIAL PROCEEDINGS<br>CASE NO. SP0125-13<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 16, 2018, for hearing on Petitioner Port Authority of Guam's ("Petitioner") Motion for Reconsideration. Attorney Michael Phillips was present on behalf of Petitioner, Attorney Eric C. Miller was present on behalf Respondent Civil Service Commission ("CSC"), and Attorney Jeffrey Moots was present on behalf of Real Party in Interest Jose B. Guevara, III ("Guevara"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

This matter stems from an adverse action appeal relative to Guevara's employment at the Port Authority of Guam ("Port Authority"). The Court previously found that the CSC's determination that Port Authority management knew or should have known of the facts

*Port Authority vs. CSC and Guevara*
Case No. SP0125-13
Decision and Order

Page 1 of 4

underlying the adverse action as of October 16, 2012, was supported by substantial evidence. *See* Dec. & Order, Jul. 2, 2015. The Court also found that Guevara complied with his duty to mitigate damages pursuant to *Hauser v. Department of Law*, 2005 Guam 14, and upheld the CSC's Order awarding Guevara full back pay and benefits from the date of his termination until Petitioner complied with the CSC's Order and allowed Guevara to return back to work. *See* Dec. & Order, Sep. 26, 2016. The matter subsequently went on appeal, and was affirmed by the Supreme Court. *See Port Auth. of Guam vs. Civil Serv. Comm'n (Guevara)*, 2018 Guam 1.

On September 12, 2018, Petitioner filed a Motion for Reconsideration or in the Alternative to Amend; Rule 60(b) Motion for Relief from Judgment Re: September 26, 2016 Decision and Order ("Motion for Reconsideration"). On October 8, 2018, Guevara filed his Opposition. No reply was filed by Petitioner, and no responsive pleadings were filed by the CSC. On November 16, 2018, the Court heard oral arguments on the motion and subsequently placed the matter under advisement.

## DISCUSSION

Petitioner moves for reconsideration of the Court's September 26, 2016 order pursuant to Guam Rules of Civil Procedure Rule 60(b). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> . . .
>
> (6) any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Guam R. Civ. P. 60(b). The Supreme Court of Guam has instructed that "[m]otions for reconsideration are appropriate where the trial court: (1) is presented with new evidence; (2)

*Port Authority vs. CSC and Guevara*
Case No. SP0125-13
Decision and Order

Page 2 of 4

committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. A motion for reconsideration, however, is not intended to be a second chance for a party to supplement a previous, incomplete argument. *Merchant v. Manyo Realty, Inc.*, 1998 Guam 26 ¶ 9. It is a procedure that should be used sparingly. *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9.

Here, Petitioner moves the Court to deny its award of full back pay and benefits to Guevara because Guevara lied about his employment status after he was terminated from the Port and that he fraudulently obtained the judgment in this case through perjured testimony. (Mot. Reconsideration at 3-8). In opposition, Guevara argues that no newly discovered evidence has been presented, nor has the Port established any fraud on his part at the evidentiary hearing. *See generally*, Opp'n, Oct. 8, 2018.

The purpose of the Evidentiary Hearing on June 24, 2016 was to determine whether Guevara fulfilled his duty to mitigate his damages pursuant to the three-prong test in *Haeuser*. *See* Dec. & Order at 10-11, Jul. 2, 2015. Pursuant to *Haeuser*, the Court must inquire (1) whether jobs substantially similar to Guevara's position were available during the time period in question; (2) whether Guevara could have obtained substantially similar employment; and (3) whether Guevara failed to use reasonable diligence in seeking employment. 2005 Guam 14 ¶¶ 30-51.

Petitioner alleges that it was unaware of Guevara's employment between October 2013 through June 24, 2016, the date of the hearing, and that Guevara "knowingly withheld this information from Port Counsel and denied the fact when directly questioned under oath." (Mot. Reconsideration at 4). Guevara argues that any "evidence presented to the Court regarding employment [at a position not substantially equivalent to his job at the Port] is irrelevant to the determination of Guevara's compliance with his duty to mitigate damages." (Opp'n at 3). Guevara further argues that the question he was asked to which Petitioner argues he lied in his answer would not solicit the information sought by the Port. *Id.* Lastly, Guevara argues that there is no evidence of fraud because he has not attempted to conceal the fact that he had other income after he was terminated from the Port. *Id.* at 5.

*Port Authority vs. CSC and Guevara*
Case No. SP0125-13
Decision and Order

Page 3 of 4

At the hearing, counsel for Petitioner asked Guevara, "You've been out of a job and left the Port in the year 2012; right?" Guevara responded: "That's correct." (Transcripts, Jun. 24, 2017 at 27: 10-12). The Court acknowledges that this is a compound question, and does not find that Guevara's response on its own signals a dishonest answer. The answer sought by the Port as to whether Guevara was currently employed at the time of the hearing would not necessarily be directly solicited from such question. As Guevara argues in his Opposition, if "the Port wanted to know if Guevara was employed at the time of the June 2016, [counsel] could have simply asked [him] if he was currently employed." (Opp'n at 4).

Nonetheless, under *Haeuser*, an employee is not required to present evidence of seeking or accepting employment that is not substantially equivalent to the job the employee was terminated from. "Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, and status as the position from which the [employee] has been discriminatorily terminated." *Haeuser*, 2005 Guam 14 ¶ 34 (citation omitted). Whether an employee has accepted a dissimilar position, one with substantially less compensation, would have no bearing on determining whether an employee was entitled to back pay. The employee has no obligation to take a job that is not substantially equivalent to his or her prior position. *Id.* ("an unemployed claimant need not accept a lesser or dissimilar position. Nor is a claimant required to continue in an inferior position that she has already accepted."). Accordingly, the Court finds that there is no basis for reconsideration, and denies the Motion.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Port Authority's Motion for Reconsideration.

**IT IS SO ORDERED** this ___ day of January, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
- Phillip Tordello /Atty Eric Miller
- Cynthia C. Cook

Date: 2/6/19 Time: 9:00 am

*Linda M. Perez*
Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

Port Authority v. Guevara
Case No. SP0125-13
Decision and Order